**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROBERT COLEMAN                                                                                                                   PLAINTIFF
ADC #146255

V.                                              NO: 5:10CV00189 SWW

DAVID HENRY                                                                                                                        DEFENDANT

## ORDER

Plaintiff, currently held at the Arkansas Department of Correction's East Arkansas Regional Unit, filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on June 28, 2010, naming as a Defendant Circuit Judge David Henry. Because Plaintiff has failed to state a claim upon which relief may be granted, his compliant must be dismissed.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-

236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

In his complaint, Plaintiff raises a variety of issues regarding the evidence, procedures, and his representation, related to a criminal case. Plaintiff asserts that he was coerced into accepting a plea agreement, and makes vague allegations that Henry was involved in a conspiracy against him. For relief, Plaintiff seeks damages and his release. Because Henry is immune from suit, Plaintiff's complaint must be dismissed.

"Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir.1994). Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). The evaluation whether an act of a judge can be considered "judicial" is dependent on the nature of the act itself – whether the act is a function normally performed by a judge in his judicial capacity. *See Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Although Plaintiff's complaint is not completely clear, it is apparent that Henry's presiding over his criminal case, accepting his plea, and imposing a sentence, are certainly judicial acts, and nothing in Plaintiff's complaint suggests anything other than "judicial" actions by Henry. Accordingly, Plaintiff's complaint must be dismissed.[1]

---

[1] Even if Plaintiff had named an individual who was not immune, dismissal would still be required. Plaintiff's only remedy for challenging the lawfulness of his continued incarceration is a writ of *habeas corpus*. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (state prisoners may use

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 22nd day of July, 2010.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

only *habeas* remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of State's custody); *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973) (challenge to fact or duration of confinement must be through *habeas corpus*). If Plaintiff seeks to challenge his confinement, he must file a petition for a writ of *habeas corpus*, after exhausting his state remedies, and name as a respondent ADC Director Ray Hobbs. *See Echols v. Kemna*, 511 F.3d 783, 785 (8th Cir. 2007) (explaining that a defendant generally must fully exhaust all available state remedies before commencing a federal *habeas* action). Damages cannot be awarded because any judgment in Plaintiff's favor would imply the invalidity of his current confinement. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (if judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*).